UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL KATZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-520 PPS |
| | ) | |
| SIMSOL INSURANCE SERVICES, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On February 1, 2008, Defendant American Strategic Insurance Corp. (ASI) filed a motion to transfer pursuant to 28 U.S.C. § 1404(a). On February 25, 2008, Defendant Simsol Insurance Services, Inc. (Simsol) filed an identical motion to transfer. For the following reasons, these motions are **GRANTED** [Doc. No.s 19 & 23].

**I.   PROCEDURE**

On October 24, 2007, Plaintiffs filed their complaint in this Court against ASI and Simsol. Plaintiffs had purchased a Standard Flood Insurance Policy (Flood Policy) from ASI to cover property located in Florida. Around October 24, 2005, the Plaintiffs' Florida property was damaged in a hurricane. Plaintiffs filed a claim with ASI, and ASI, in turn, assigned Simsol to handle the claim. Plaintiffs allege that ASI and Simsol did not properly reimburse them under the policy and that both negligently handled their claim.

On December 27, 2007, this Court stayed this case until Plaintiffs clarified whether this Court had subject matter jurisdiction over the case. On January 11, 2008, Plaintiffs filed an amended complaint, and subsequently, this Court entered an order on January 14, 2008, that

indicated Plaintiffs had sufficiently established that this Court had subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332.

Despite this Court's order, ASI filed a motion to transfer under § 1404(a) because this Court lacked subject-matter jurisdiction. Plaintiffs never filed a response. Typically, under the Local Rules failure to respond to a motion subjects it to summary ruling. See N.D.L.R. 7.1(a). However, ASI's odd reasoning for transferring requires an analytical explanation for purposes of clarity.

## II.   ANALYSIS

ASI is a "Write-Your-Own" carrier participating in the United States Government's National Flood Insurance Program (NFIP). See 42 U.S.C. § 4001 *et seq.* The act basically allows insurance companies like ASI to function as underwriters for flood insurance with financial backing from the federal government. See Edward T. Pasterick, The National Flood Insurance Program, in Howard Kunreuther & Richard J. Roth, Sr., eds., Paying the Price: The Status and Role of Insurance Against Natural Disasters in the United States (1998) for an explanation of the NFIP.

ASI alleges that 42 U.S.C. § 4072 commands that the United States District Court for the Southern District of Florida has exclusive jurisdiction over this case. However, the 7th Circuit specifically indicated in Downey v. State Farm Fire & Cas. Co., 266 F.3d 675, 679-83 (7th Cir. 2001) that 42 U.S.C. § 4072 does not grant exclusive jurisdiction to the federal court in which the property is located unless the Plaintiffs file suit against the Director of FEMA. The 7th Circuit even recognized that other circuits have found 42 U.S.C. § 4072 grants exclusive jurisdiction if the Director is not named as a defendant, but it declined to follow that analysis.

Id. at 679 (citing Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161 (3d Cir. 1998)).  Simply put, because Plaintiffs have only sued ASI and Simsol and not the Director, 42 U.S.C. § 4072 does not strip this Court of subject-matter jurisdiction.

If this Court lacked subject-matter jurisdiction, it could only transfer the case pursuant to either 28 U.S.C. § 1406(a) or, more likely, 28 U.S.C. § 1631 rather than 28 U.S.C. § 1404(a) as ASI suggested.  See generally Charles A. Wright, Federal Practice & Procedure § 3842, 323 (3d ed. 2007); Jeremy J. Butler, Venue Transfer When a Court Lacks Personal Jurisdiction: Where are Courts Going With 28 U.S.C. § 1631?, 40 Val. U.L.R. 789 (Summer 2006).  However, because this Court has subject-matter jurisdiction over the case, 28 § 1404(a) is actually the proper vehicle for transfer.  Coincidentally, even though ASI and Simsol articulated the wrong reasons for transferring this case, they have sought transfer under the proper vehicle.

When venue is proper, as it is in this case, and a party requests transfer, a court considers the convenience of the venue.  See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986); Anderson v. Norman Rice Painting, Inc., 2003 WL 22053107 at 1 (N.D. Ill. 2003).  Therefore, this Court considers the convenience of the parties, the convenience of the witnesses, and the interests of justice.  See 28 U.S.C. § 1404(a).  ASI and Simsol, as the movants, have the burden of establishing that the proposed forum is more convenient than the current forum.  See Coffey, 796 F.2d at 219-20.

ASI and Simsol argue that the property is located in southern Florida. As a result, they suggest it would be more convenient for the parties to litigate where the property is located because most of the witnesses who have observed the property and will observe the property are

located there. ASI and Simsol also argue that most of the events regarding this case are based on the property, which is located in southern Florida.

This Court agrees with ASI and Simsol that it would be more convenient for the parties to litigate this case where the property and most of the witnesses are located. There may be reasons that suggest the contrary, but this Court is unaware of them because Plaintiffs have not responded to ASI and Simsol's motion to transfer. Because Plaintiffs have failed to respond to ASI and Simsol's motions, this Court can only assume they have no objection to the transfer. Therefore, ASI and Simsol's motions are **GRANTED.**

### III.   CONCLUSION

Because it would be more convenient for the parties to litigate this case in Florida, Defendants' motions are **GRANTED** [Doc. No.s 19 & 23]. This Court **ORDERS** that this case be **TRANSFERRED** to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**

Dated this 19th Day of March, 2008.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge
